STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In Re*: H.F.

No. 12-0987 (Mercer County 11-JA-37)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Natalie N. Hager, arises from the Circuit Court of Mercer County, wherein her parental, custodial, and guardianship rights to the child were terminated by order entered on August 23, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Bands, has filed its response. The guardian ad litem, Michael P. Cooke, has filed a response on behalf of the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 14, 2011, the DHHR filed its initial petition alleging abuse and neglect by petitioner by knowingly allowing the child to be exposed to continued substance abuse and unsafe living conditions at the hands of Respondent Father.[1] At adjudication, petitioner was found to have neglected the child and was granted a post-adjudicatory improvement period. After the DHHR filed a motion to terminate parental rights, the circuit court held a dispositional hearing during which it terminated petitioner's parental, custodial, and guardianship rights. On appeal, petitioner argues that it was error to terminate these rights because there were no allegations of violence or substance abuse on her part. According to petitioner, the circuit court should have terminated only her custodial rights, especially in light of the fact that she will have continued contact with the child by virtue of her placement with the maternal grandparents.

In response, the guardian ad litem supports termination of petitioner's parental, custodial, and guardianship rights. According to the guardian, petitioner allowed domestic violence and substance abuse to continue in the home unabated and totally failed to protect her daughter. Further, petitioner has continued her relationship with Respondent Father despite his abuse. The guardian argues that petitioner simply failed to make sufficient improvements during the proceedings below, despite the circuit court granting extensions to her improvement period

---

[1] An older child was originally named in the petition as well, but was dismissed when she reached the age of majority while the proceedings were still pending.

1

because of Respondent Father's health issues. The DHHR has also responded, and fully joins in and concurs with the guardian ad litem.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights. The circuit court was presented with sufficient evidence upon which it found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental, custodial, and guardianship rights is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum

2